**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**


| | | |
|---|---|---|
| JOSEPH MICHAEL STROHL, | : | CIVIL ACTION |
| Petitioner | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JAMES L. GRACE, et al., | : | |
| Respondent | : | NO. 06-2708 |

<u>**REPORT AND RECOMMENDATION**</u>

CAROL SANDRA MOORE WELLS                                              March 27, 2007
UNITED STATES MAGISTRATE JUDGE

Presently before this court is a Petition for Writ of Habeas Corpus, filed *pro se* pursuant to 28 U.S.C. § 2254. Joseph Michael Strohl ("Petitioner"), who is currently incarcerated at the State Correctional Institute at Huntingdon, Pennsylvania, seeks habeas relief based on numerous claims of ineffective assistance of counsel, prosecutorial misconduct, and a violation of his due process rights. The Honorable James T. Giles referred this matter to the undersigned for preparation of a Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, it is recommended that each of Petitioner's habeas claims be DENIED, without a hearing.

**I. BACKGROUND AND PROCEDURAL HISTORY**[1]

The facts leading to Petitioner's arrest and conviction, as compiled cited by the Pennsylvania Superior Court, are as follows:

> This case arises from a burglary and assault at the home of Ella Wunderly (hereinafter "the victim"). The evidence adduced at

---

[1]The facts set forth in this background and procedural history were gleaned from Petitioner's Habeas Corpus Petition, Memorandum, and Traverse, the Commonwealth's response, inclusive of all exhibits thereto, and the state court record.

trial shows that [Petitioner] and a cohort burglarized the victim's home on December 26, 1986, when the victim was at home. During the burglary, [Petitioner] assaulted the victim, leaving her debilitated and possibly unconscious. [Petitioner] returned the following night on December 27th with a different cohort to burglarize the home a second time.

At trial, the second cohort, Robert J. Shull, testified that on the day of December 27th, while he and [Petitioner] were working at Sears, [Petitioner] approached Shull about burglarizing a home that night. N.T., 3/9/01, at 525. Shull further testified that [Petitioner] had been in the home the night before and that the occupant of the house was dead. *Id.* When Shull entered the house with [Petitioner], he saw the victim laying on the floor and heard her breathing with a "gurgling sound." *Id.* at 529. Shull testified that he then abandoned the house, and shortly thereafter, [Petitioner] joined him outside. At this point, Shull testified that [Petitioner] told him that he had kicked the victim in the head and that there was blood on the wall. *Id.* at 531.

As a result of the attack, the victim was rendered comatose and was hospitalized. She died in April of 1994, more than seven years after the attack.

*Commonwealth v. Strohl*, No. 2097 EDA 2001, Mem. Op. at 1-2 (Pa. Super. Ct. Sept. 11, 2002) ("Super. Ct. Dir. App. Op."); Commonwealth Exhibit ("Comm. Ex.") A.

On March 15, 2001, a jury convicted Petitioner of second degree murder; he was sentenced to life in prison. *Id.* at 1-2; Response ("Resp.") at 3. The Pennsylvania Superior Court affirmed Petitioner's judgment and sentence on September 11, 2002.[2] *Id.* The Pennsylvania Supreme Court

---

[2]On appeal, Petitioner alleged that:

1. . . . the evidence was sufficient to sustain the verdict;
2. . . . the trial court erred by denying the motion to dismiss for undue delay;
3. . . . the trial court erred by admitting the [Petitioner's] prior conviction;
4. . . . the trial court erred in admitting the [Petitioner's] statement to the grand jury that he pleaded guilty to "an additional burglary";
5. . . . the trial court erred by allowing the Commonwealth to use an "Elmo" device to project enlarged photographs of the victim;
6. . . . the trial court erred in failing to allow the [Petitioner] to introduce specific details of a witness [sic] criminal convictions for burglary and criminal trespass; and
7. . . . the trial court erred in granting the Commonwealth's request for a jury instruction regarding the liability of an accomplice.

Super. Ct. Dir. App. Op. at 2-3; Comm. Ex. A.

denied allowance of appeal on February 13, 2003.  Comm. Ex. E.

On September 15, 2003, Petitioner filed a *pro se* petition under the Post Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. Ann. §§ 9541-46, which the trial court dismissed on June 15, 2004.  *Commonwealth v. Strohl*, No. 829-2000 Mem. Op. (Ct. Com. Pl. Northampton County Jun. 16, 2004) ("PCRA Ct. Op."); Comm. Ex. H.; *see also* Resp. at 4.[3]  The Superior Court affirmed the denial of PCRA relief on May 13, 2005.  *See Commonwealth v. Strohl*, No. 1954 EDA 2004, Mem. Op. (Pa. Super. Ct. May 13, 2005) ("Pa. Super. Ct. PCRA App. Op."); Comm. Ex. H.   The Pennsylvania Supreme Court denied allowance of appeal on October 26, 2005.  Comm. Ex. L.

Next, on June 21, 2006, Petitioner filed a  petition for federal habeas relief asserting the following grounds for relief:

> Ground One [1] -  the prosecution suppressed exculpatory evidence in violation of *Brady v. Maryland* and its progeny;
>
> Ground Two [2] -  Petitioner was denied Due Process because of the delay in prosecuting the case;
>
> Ground Three [3] - counsel was ineffective for failing to raise a Double Jeopardy Collateral estoppel issue;

---

[3]Petitioner asserted:

> 1. . . . the Commonwealth violated its obligation under *Brady v. Maryland*, 373 U.S. 83, 10 L.Ed.2d 215 (1963), to disclose exculpatory evidence;
> 2. . . . he is entitled to a new trial based on after-discovered evidence;
> 3. . . . his [trial] counsel were ineffective because counsel did not move to preclude the admission of evidence allegedly barred by collateral estoppel;
> 4. . . . [trial] counsel was ineffective for failure to request the trial court to instruct the jury on aggravated assault, as a lesser included offense;
> 5. . . .[trial] counsel was ineffective for failure to request an instruction on involuntary manslaughter;
> 6. . . . [trial] counsel was ineffective for failing to object to the trial court's summary of the evidence to the jury;
> 7. . . . [trial] counsel was ineffective by not filing a motion to quash the indictment based upon alleged misconduct by the assistant district attorney surrounding the testimony of William Notti before the grand jury;
> 8. . . . trial counsel was rendered ineffective for failing to object and preserve for appeal the trial court's determination not to give an adverse inference jury instruction based on medical records that were unavailable for use at trial; and
> 9. . . . trial counsel was ineffective for failing to call Robert Strohl, [P]etitioner's father, as a witness at trial.

*PCRA Ct. Op. at 1-21*; Comm. Ex. H.

Ground Four [4] - counsel was ineffective for failing to request a lesser included offense jury instruction for aggravated assault;

Ground Five [5] - counsel was ineffective for failing to object to material misstatements of evidence during the jury charge;

Ground Six [6] - counsel was ineffective for failing to suppress testimony which was the product of police and prosecutorial misconduct during the grand jury;

Ground Seven [7] - counsel was ineffective for failing to request an adverse inference jury instruction regarding lost medical records; and

Ground Eight [8] - counsel was ineffective for failing to call a favorable defense witness.

Petition ("Pet") at 9-9a.  All eight claims are devoid of merit and, accordingly, should be denied.

## II. DISCUSSION

A.  AEDPA Standard of Review

In 1996, Congress passed the Antiterrorism and Effective Death Penalty Act (AEDPA), which "altered the standard of review that a federal habeas court must apply to a state prisoner's claim that was adjudicated on the merits in state court." *Stevens v. Delaware Corr. Ctr.,* 295 F.3d 361, 368 (3d Cir. 2002) (citing *Williams v. Taylor,* 529 U.S. 362 (2000) (interpreting 28 U.S.C. § 2254(d)(1)); *see also Dunn v. Colleran,* 247 F.3d 450, 456-57 (3d Cir. 2001) (explaining *Williams*). More specifically, AEDPA "placed a new restriction on the power of federal courts to grant writs of habeas corpus to state prisoners." *Dunn,* 247 F.3d at 456-57 (quoting *Williams,* 529 U.S. at 399). Pursuant to AEDPA, a federal habeas court may overturn a state court's resolution of the merits of a constitutional issue only if the state court decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United

States."  28 U.S.C. § 2254(d)(1).

Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the United States Supreme Court on a set of materially indistinguishable facts. *Hackett v. Price*, 381 F.3d 281, 286 (3d Cir. 2004). Under the "unreasonable application" clause, a federal court may grant the writ if the state court identifies the correct governing legal principle from Supreme Court decisions but unreasonably applies that principle to the facts of the prisoner's case. *Id.* (quoting *Williams,* 529 U.S. at 412-13). The appropriate inquiry under the "unreasonable application of" standard is "whether the state court's application of clearly established federal law was objectively unreasonable." *Id.* (quoting 529 U.S. at 409). An unreasonable application of federal law involves more than merely an incorrect or erroneous application of federal law: "[A] federal habeas court may not grant relief unless that court determines that a state court's incorrect or erroneous application of clearly established federal law was also unreasonable." *Id.* (citing *Williams,* 529 U.S. at 411).

If, however, the state court does correctly identify the governing United States Supreme Court precedent, "unreasonable application" analysis, rather than "contrary to" analysis, is appropriate. *Williams v. Taylor*, 529 U.S. at 406. A state court decision constitutes an unreasonable application of Supreme Court precedent if the state court applies the correct law unreasonably to the facts of the petitioner's case. *See id.* at 407-08. In making its unreasonable application determination, the habeas court must ask whether the state court's application of Supreme Court precedent was objectively unreasonable. *See id.* at 409. The habeas court may not grant relief simply because it believes the state court's adjudication of the petitioner's claim was incorrect, it

must be convinced that the state court's adjudication of the claim was objectively unreasonable.  *See id.* at 411.  When deciding whether a state court's application of Supreme Court precedent was unreasonable, it is permissible to consider the decisions of lower federal courts which have applied clearly established Supreme Court precedent.  *See Marshall v. Fredericks*, 307 F.3d 36, 71 n.24 (3d Cir. 2002); *Moore v. Morton*, 255 F.3d 95, 104 n.8 (3d Cir. 2001).

The Supreme Court addressed AEDPA's factual review provisions in *Miller-El v. Cockrell,* 537 U.S. 322 (2003).  In *Miller*, the Supreme Court interpreted § 2254(d)(2) to mean that "a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding."  *Id.* at 340.  Yet, the habeas court can "disagree with a state court's credibility determination."  *Id.; Lambert v. Blackwell*, 387 F.3d 210, 235 (3d. Cir. 2004)*; see also Wiggins v. Smith,* 539 U.S. 519 (2003) (rejecting state court's factual determination under § 2254(e)(1) and 2254(d)(2)).  If the state court's decision based on a factual determination is unreasonable in light of the evidence presented in the state court proceeding, habeas relief is warranted under 2254(d)(2). *See Lambert*, 387 F.3d at 235.[4]

B.  Analysis Grounds One through Eight

1.  Ground One - *Brady* Violation

Petitioner asserts that the Prosecution suppressed medical records from the Lehigh Valley Hospital Center and a police complaint in violation of *Brady v. Maryland*, 373 U.S. 83 (1963).  Pet.

---

[4] Within this overarching standard, a petitioner may attack specific factual determinations made by the state court  that are subsidiary to the ultimate decision.  *Lambert*, 387 F.3d at 235.  Here, section 2254(e)(1) instructs that the state court's determination must be afforded a presumption of correctness that the petitioner can rebut only by clear and convincing evidence.  *Id.*  A petitioner may develop clear and convincing evidence by way of a hearing in federal court if she/he satisfies the prerequisites for that hearing found in 28 U.S.C. § 2254(e)(2).  *Id.*  In the final analysis, even if a state court's individual factual determinations are overturned, remaining findings must still be weighed under the overarching standard of section 2254(d)(2).  *Lambert* , 387 F.3d at 235-36.

at 9; Memorandum of law in support of petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C.A. §2254 ("Pet'r's Mem. of Law") at 6-26.  In rejecting Petitioner's claim, the Superior Court found that:

> [Petitioner's] claim with respect to the Lehigh Valley Hospital records does not amount to a violation of *Brady*.  A *Brady* violation does not occur "where the parties had equal access to the information or if the defendant knew or could have uncovered such evidence with reasonable diligence."  *Grant*, 813 A.2d at 730 (citing *Commonwealth v. Paddy*, 800 A.2d 294, 305 (Pa. 2002)).  In his appellate brief, [Petitioner] does not claim that the Commonwealth had the Lehigh Valley Hospital Center reports in its possession at the time of the trial and knowingly withheld them.  Rather, Strohl claims that he did not receive the reports when he requested the reports from the hospital.  Accordingly, [Petitioner] is not entitled to relief on this basis.

> Furthermore, we conclude that [Petitioner] is not entitled to relief pursuant to his claim with respect to the police station complaint.  The station complaint is a half-page document that states "that Patricia Cecala phoned the police to report that a purse was found."  *See* PCRA Court Opinion, 6/15/04, at 4.  The station complaint was dated December 29, 986, at 7:30 p.m. and contained the notation "delayed entry."  *Id.*  The PCRA court denied [Petitioner's] claim on the basis that he failed to demonstrate how the station complaint related to his guilt or innocence.  *See* PCRA Court Opinion, 6/15/04, at 4.

> [Petitioner] now argues that the station complaint would have undermined the testimony of Patricia and Joseph Cecala that the victim's purse was found following the Saturday burglary, rather than after the Friday burglary.  However, [Petitioner's] argument is not supported by the station complaint.  The document is dated after the Saturday burglary and states on its face that it was a "delayed entry."  Thus, it cannot be determined from the document whether the purse was found after the Friday or the Saturday burglary.

> [Petitioner] further argues that the station complaint would call into question the testimony and police report of Officer Gerancher, which related that Richard Wunderly called to report the discovery of the purse.  However, the prosecution provided

> [Petitioner] with a more complete and detailed report regarding the recovery of the purse.  Accordingly, [Petitioner] failed to prove that if the station complaint had been disclosed to the defense, the result of the proceeding would have been different.  Consequently, we conclude that the PCRA court's findings with respect to this issue were supported by the record and the court's Order is otherwise free of legal error.

Pa. Super. Ct. PCRA App. Op. at 4-6; Comm. Ex. H.

This court finds that the Superior Court's decision was a reasonable application of the *Brady* standard.  The Third Circuit has held that to establish a *Brady* violation, Petitioner must show that "(1) the government withheld evidence, either willfully or inadvertently; (2) the evidence was favorable, either because it was exculpatory or of impeachment value; and (3) the withheld evidence was material."  *Lambert*, 387 F.3d at 252; see *also Albrecht v. Horn*, 471 F.3d 435, 460 (3d Cir. 2006) (citing *Brady*, 373 U.S. at 87).  Petitioner cannot meet the requirements of *Brady*.  First, since Lehigh Valley Hospital Center medical records were not in the possession of the Commonwealth, Petitioner cannot establish that the prosecution suppressed such evidence.  Second, Petitioner has not shown how the police complaint was material.  The prosecution provided Petitioner with "a more complete and detailed report" regarding the victim's purse compared to the "delayed entry" police complaint Petitioner argues the prosecution withheld. Pa. Super. Ct. PCRA App. Op. at 4-6; Comm. Ex. H.  He has failed to demonstrate how the omission of the police complaint prejudiced his case. This court cannot find the state court's determination to be in violation of any federal law or an unreasonable application of clearly established federal law. *See* 28 U.S.C. 2254(d)(2).  Habeas relief on this claim therefore, should be denied.

2. Ground Two - Due Process Violation

Petitioner asserts a due process violation occurred as a result of the delay in the prosecution

of his murder case.  Pet. at 9; Pet'r's Mem. of Law at 27-37.  He specifically argues that the victim

was assaulted in 1986, remained in a coma until her death in 1994; he was first charged with murder

in 1999 after an abundance of evidence had been lost.  *Id*.  On direct appeal, the Superior Court

denied this claim because Petitioner could not demonstrate actual prejudice based upon speculated

loss of evidence.  *See* Super. Ct. Dir. App. Op. at 3-5; Comm. Ex. A.  The court wrote:

> First, [Petitioner] claims that he was prejudiced due to lost
> evidence.  Brief for Appellant at 17. [Petitioner] identified the lost
> evidence only as "missing physical evidence" that could not be
> "tested for possible DNA or other scientific or forensic results that
> **could have been helpful to his defense**."  Brief for Appellant at 18
> (emphasis added).  Thus, the express language of Appellant's
> argument shows not only that he has failed to aver sufficient facts
> regarding what evidence he is alluding to, but that he is engaging in
> sheer speculation.
>
> [Petitioner] also claims that he suffered actual prejudice due
> to lost medical records that "**could** be important." *Id*. (emphasis
> added). [Petitioner] argues that the lost records "may" have resulted
> in a different medical opinion regarding the cause of the victim's
> death.  *Id*.  Again, [Petitioner's] argument is based entirely upon
> speculation.  The failure of this argument is sealed by the testimony
> of four medical doctors at trial that gave testimony that supported the
> Commonwealth's claim that the victim died from injuries to her head.
> N.T., 3/7, 8, 13/01, at 205-12, 264-300, 333-60, 864-893.
> Accordingly, we find [Petitioner's] claim to be without merit.

*Id*. at 5; Comm. Ex. A.

The two-part test set forth in *United States v. Marion*, 404 U.S. 307 (1971), is used to

examine a claim that a due process violation resulted from delayed prosecution.  Petitioner must

show "that the pre-indictment delay . . . caused substantial prejudice to his rights to a fair trial and

that the delay was an intentional device to gain tactical advantage over the accused." *Id*. at 325.  The

Superior Court found that Petitioner herein did not demonstrate that actual prejudice resulted from

the delay in his prosecution.  The result the Superior Court reached and reasoning employed do not

contravene Supreme Court precedent.  Petitioner's bare unsubstantiated assertion that evidence was

lost as a result of the delay in his prosecution, is insufficient to establish actual prejudice.  Since the

state court's adjudication of Petitioner's claim was correct, it was neither contrary to nor an

unreasonable application of Supreme Court precedent.  *See Weeks v. Angelone*, 528 U.S. 225, 237

(2000).

 3.  Ineffective Assistance of Counsel Claims

 Petitioner asserts six ineffective assistance of counsel claims that the PCRA Court and

Pennsylvania Superior Court reviewed and denied.  *See* Pa. Super. Ct. PCRA App. Op. (Comm. Ex.

H)*; see also* Pet. at 9-9a.  The Commonwealth counters that trial counsel was effective according

to *Strickland*.  *See Strickland v. Washington,* 466 U.S. 668 (1984); *see also* Resp. at 9-18.

 To demonstrate ineffective assistance of counsel, Petitioner must satisfy the two-pronged

federal constitutional standard established in *Strickland*.  *See Hess v. Mazurkiewicz*, 135 F.3d 905

(3d Cir. 1998).  First, Petitioner  must demonstrate that counsel's performance was so deficient as

to fall below an objective standard of "reasonableness under prevailing norms." *Strickland*, 466 U.S.

at 688.  After adequately establishing that counsel's performance was constitutionally deficient,

Petitioner must further show that the deficient representation prejudiced the defense.  *Id.*  If

Petitioner fails to satisfy either prong of the Strickland standard, his claim necessarily fails, rendering

inquiry into the remaining prong unnecessary.  *See id.* at 697.  Courts must be "highly deferential"

to counsel's reasonable strategic decisions to guard against engaging in hindsight.  *Strickland*, 466

U.S. 689-90; *Marshall v. Hendricks*, 307 F.3d  36, 85 (3d. Cir. 2002).  Further, counsel will not be

deemed ineffective for failing to present a meritless claim or objection.  *See Parrish v. Fulcomer*,

-10-

150 F.3d 326, 328-29 (3d Cir. 1998); *Moore v. Deputy Commrs. of SCI-Huntingdon*, 946 F.2d 236, 245 (3d Cir. 1991).

     a.  Ground Three - Failure to Raise a Double Jeopardy Collateral Estoppel Issue

     Petitioner alleges that trial counsel failed to raise a double jeopardy collateral estoppel issue based upon his prior guilty plea to burglarizing the victim's home on Saturday, December 27, 1986. Pet. at 9; Pet'r's Mem. of Law at 39-41.  The Commonwealth contends that Petitioner can neither demonstrate actual prejudice nor establish this claim, hence, counsel cannot be deemed ineffective. Resp. at 11-12.  The Court finds the Commonwealth's contention persuasive.

     When Petitioner raised his double jeopardy issue before the Superior Court, it was rejected:

> [Petitioner] is not entitled to relief on this basis as he has failed to establish that he was prejudiced by the alleged ineffective assistance of his trial counsel.  "When it is clear that appellant has failed to meet the prejudice prong [of his ineffective assistance of counsel claim], the claim may be disposed of on that basis alone. . . ." *Commonwealth v. Fink*, 791 A.2d 1235, 1246 (Pa. Super. 2002) (quoting *Commonwealth v. Wilson*, 672 A.2d 293, 298 (Pa. 1996)). The evidence at trial established that [Petitioner] confessed to his cohort during the Saturday burglary that he had kicked the victim in the head during the Friday burglary, which resulted in blood being spattered on the wall.  The evidence established that the victim was comatose as a result of this blunt force trauma to her head, and she eventually died as a result of this injury.  Accordingly, we conclude that [Petitioner] is not entitled to relief on this claim.

Pa. Super. Ct. PCRA App. Op. at 9; Comm. Ex. H (footnote omitted).  Petitioner's claim of ineffective assistance of counsel was denied by the Pennsylvania Superior Court, because in light of overwhelming evidence against Petitioner, trial counsel's alleged ineffectiveness could not have prejudiced his case.[5]  *Id*.

---

[5]The PCRA court also noted that "[w]hether or not a purse was actually taken during the December 27, 1986 , break-in is entirely superfluous, i.e., the theft of the purse was not a fact essential to the conviction for burglary.  Therefore, there is no merit to petitioner's collateral estoppel claim, and counsel was not ineffective for not pursuing the claim."  PCRA Ct. Op. at 12;  Comm. Ex. H. at 12.  Thus, counsel cannot be deemed ineffective for failing to pursue a meritless claim.

The state court's finding is neither contrary to nor an unreasonable application of Supreme Court precedent.  The record reflects no prejudice that could satisfy the second prong of *Strickland*.  Hence, Petitioner cannot prevail on this ineffective assistance of counsel claim.  Therefore, the Superior Court's adjudication of this ineffective assistance of counsel claim was a reasonable application of Supreme Court precedent.  *See Marshall v. Fredericks*, 307 F.3d at 71 n.24 (3d Cir. 2002); *Moore v. Morton*, 255 F.3d 95, 104 n.8 (3d Cir. 2001).  Accordingly, Ground Three should be denied.

  b.  Ground Four - Failure to Request a Lesser Offense Jury Instruction

  Petitioner claims that trial counsel should have requested a lesser offense jury instruction for aggravated assault.  Pet. at 9; Pet'r's Mem. of Law 44-46.  The Commonwealth, again, contends that since Petitioner has failed to demonstrate how he was prejudiced by trial counsel's alleged ineffectiveness, this claim lacks merit.  Resp. at 11.  The Superior Court, in reliance upon the PCRA court's opinion held that Petitioner failed to demonstrate actual prejudice.  *See* Pa. Super. Ct. PCRA App. Op.  at 11; Comm. Ex. H.  The PCRA court found:

> The failure to request a charge on aggravated assault did not cause prejudice to petitioner.  The jury had the option of convicting petitioner of third degree murder instead of second degree murder.  It chose not to do so.  Thus, the jury would not have returned a verdict of guilty of assault out of sympathy or in recognition of factors they may have deemed mitigating where these factors were not sufficiently compelling to cause the jury to elect the lesser degree of homicide that was offered.  *See Commonwealth v. Taylor*, 502 A.2d 195 (Pa.Super. 1985) (Failure to request an imperfect self-defense voluntary manslaughter jury instruction and to object to trial court's omission of defense in its charge, assuming there was some reasonable basis for such instruction, was not a basis for granting defendant postconviction relief on theory of ineffectiveness of counsel where defendant was not prejudiced thereby in that the trial

---

*See Parrish*, 150 F.3d at 328-29.

court charged the jury on first and second degree murder, voluntary manslaughter, and involuntary manslaughter, yet the jury returned a verdict of guilty of first degree murder, thus establishing that the jury would not have exercised its mercy-dispensing power, even if correctly instructed.) *See also Commonwealth v. Bradley*, 480 A.2d 1205 (Pa.Super. 1984) (Defendant cannot demonstrate prejudice from the trial court's refusal to charge on voluntary manslaughter because the jury was instructed on first and second degree murder and elected not to return a verdict on the lesser of the alternatives given). Therefore, we find that because petitioner cannot demonstrate prejudice, counsel was not ineffective.

Further, the jury was fully instructed on the causation issue. There is no basis to find that the jury would have resolved causation differently if aggravated assault was an option. Conjecture is not a basis for relief under the Post Conviction Relief Act. *Commonwealth v. Howard*, 749 A.2d 941 (Pa.Super. 2000).

PCRA Ct. Op. at 12-13; Comm. Ex. H. The Superior Court's conclusion that Petitioner failed to demonstrate actual prejudice is consistent with Supreme Court precedent. Petitioner failed to show that his trial counsel's deficient representation prejudiced his defense as is required. *See Strickland*, 466 U.S. at 688. Since he is unable to satisfy the prejudice prong of the *Strickland* standard, his claim necessarily fails, rendering inquiry into counsel's alleged error unnecessary. *See id.* at 697. Therefore, the state courts' adjudication of this ineffective assistance claim was an objectively reasonable application of Supreme Court precedent. *See Marshall v. Fredericks*, 307 F.3d at 71 n.24; *Moore v. Morton*, 255 F.3d at 104 n.8.

c. Ground Five - Failure to Object To Misstatements of Evidence

Next, Petitioner complains that trial counsel did not object to the trial court's material misstatements of evidence. *See* Pet. at 9a; Pet'r's Mem. of Law at 48-49. Petitioner objects to the following explanation of accomplice liability made by the trial court during jury instructions:

[w]ith regard to the term "in furtherance" as I have used it, a partner's

-13-

> act that kills is not in furtherance of the felony if a partner does the act
> for his own personal reasons which are independent of the felony.
> Now, the reason I have instructed you on that provision of law is
> there was some testimony from Mr. Notti that on the first night when
> he drove the car there, [Petitioner] got out and another person, he
> didn't remember precisely who it was, went into the house.

PCRA Ct. Op. at 15 (*citing* N.T. 1088); Comm. Ex. H.  Petitioner contends that the trial court's

reference to Notti's testimony placed him at the scene of the crime despite his assertion that no

witnesses testified that they saw him at the victim's house.  Pet. at 9a; Pet'r's Mem. of Law 48-49.

The Superior Court denied this claim and found that:

> . . . [w]e conclude that [Petitioner] cannot succeed on his third claim
> of ineffective assistance of counsel as [Petitioner] failed to prove
> actual prejudice.  As previously discussed, the evidence showed
> [Petitioner] confessed to Shull during the Saturday burglary that he
> had kicked the victim in the head during the Friday burglary.
> However, [Petitioner] argues that Shull's testimony should not be
> considered due to the fact Shull's testimony was inconsistent and
> came from a "corrupt and polluted source." Brief for Appellant at 32.
> We find no merit to this argument.  The credibility of witnesses and
> weight of evidence are determinations that lie solely with the trier of
> fact. *Commonwealth v. Williams*, 854 A.2d 440, 445 (Pa. 2004).  The
> trier of fact is free to believe all, part, or none of the evidence.  *Id*.
> Here the jury obviously found Shull's testimony to be credible.  This
> Court will not reweigh the evidence and substitute our judgment for
> that of the fact finder.  *Id*. (citing *Commonwealth v. Pronkoskie*, 445
> A.2d 1203, 1206 (Pa. 1982)). [Petitioner] has failed to establish
> prejudice due to the fact that Shull's testimony, which was obviously
> credited by the jury, placed [Petitioner] at the victim's house on
> Friday.  Accordingly, [Petitioner] is not entitled to relief on the
> grounds of an alleged misstatement by the trial court during the jury
> instructions.

Pa. Super. Ct. PCRA App. Op. at 10-11 (footnote omitted).

Petitioner cannot demonstrate that counsel's failure to object to the court's statements

prejudiced his defense.  *Strickland*, 466 U.S. at 688.  Prior to closing arguments, the trial court

instructed the jury to form their own conclusions regarding the credibility of evidence presented regardless of the inferences or recollections expressed by the trial court and counsel.[6]  *See* N.T. 3/15/01 at p.3.  Based upon his conviction we can presume that the jury believed the testimony of the witnesses who placed Petitioner at the scene of the crime.

The Superior Court's conclusion that Petitioner failed to demonstrate actual prejudice is consistent with Supreme Court precedent.  Since he is unable to satisfy the prejudice prong of the Strickland standard, his claim necessarily fails, rendering inquiry into the remaining prong unnecessary.  *See id.* at 697.  Therefore, the state courts' adjudication of this ineffective assistance claim was a reasonable application of Supreme Court precedent.  *See Marshall v. Fredericks*, 307 F.3d at 71 n.24; *Moore v. Morton*, 255 F.3d at 104 n.8.

d.  Ground Six - Failure to Suppress Grand Jury Testimony

Ground Six asserts that counsel was ineffective for failing to suppress William Notti's testimony which was the product of police and prosecutorial misconduct during grand jury proceedings.  Pet. at 9a; Pet'r's Mem. of Law at 52-58.  The Commonwealth counters that Petitioner's argument is moot inasmuch as a jury convicted him of the victim's murder hence, his indictment is not subject to direct or collateral attack and because his counsel employed reasonable trial strategy to discredit the testimony of grand jury witnesses during cross-examination.  Resp. at 14.  The Superior Court affirmed the PCRA court's opinion finding the issue moot.  The Superior

---

[6]The trial court instructed the jury as follows:

> If your recollection of the evidence or the inferences established by the evidence differs from that expressed by me or by the lawyers in their closing statements to you, it is your recollection and your conclusions which are to govern here, not what the lawyers say and not what I say about the facts.  You are the judges of the facts. If your judgment of what the evidence establishes differs from that suggested either by me or by the lawyers, you should follow your own judgment.

N.T. 3/15/01 at p.3.

Court held:

> . . . [Petitioner] asserts that his trial counsel was ineffective for failing
> to move to quash the indictment filed against him on the basis of
> prosecutorial and police misconduct.  [Petitioner] argues that the
> prosecutor impermissibly shaped a witness's testimony during the
> grand jury proceedings.  The PCRA court concluded that the issue
> was moot as [Petitioner] had been convicted by a jury. *Id*. at 18.  We
> agree.  "[O]nce an indictment has been approved, the preliminary
> proceedings are not subject to either direct or collateral attack because
> the defendant has been afforded an independent determination that a
> prima facie case exists." *Commonwealth v. Gordon*, 385 A.2d 1013,
> 1015 (Pa. Super. 1978).  At trial, an independent analysis of the facts
> was conducted, during which [Petitioner's] trial counsel undertook
> extensive cross-examination of the witness concerning the
> inconsistencies in his prior grand jury testimony. *See* N.T., 3/9/01,
> 608-31.  Accordingly, we agree with the PCRA court and conclude
> that this issue is moot.

Pa. Super. Ct. PCRA App. Op. at 11-12; Comm. Ex. H.

The Superior Court deemed this claim moot, because under Pennsylvania law, Petitioner cannot assert a claim based upon preliminary proceedings which are not subject to direct or collateral attack. *See Gordon*, 385 A.2d at 1015.  The court's decision, based upon state law, is not subject to federal review. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991)  Additionally, the Superior Court found counsel's performance was not deficient, because, at trial, counsel employed reasonable trial strategy in attempting to discredit the testimony of the grand jury witnesses. *Id*. at 12.

The Superior Court correctly found counsel's performance to be adequate. *See Strickland*, 466 U.S. at 688; *see also Parrish*, 150 F.3d at 328-329.  Accordingly, the state court's decision regarding this claim of ineffective assistance of trial counsel was neither contrary to, nor an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

-16-

e.  Ground Seven - Failure to Request an Adverse Inference Jury Instruction

Petitioner asserts that counsel was ineffective for failing to request an adverse inference jury instruction regarding the destruction of the victim's medical records by LifeQuest Nursing Center. Pet. at 9a; Pet'r's Mem. of Law at 60-62.  The Commonwealth counters that this meritless  claim cannot form the basis for counsel deficiency.  Resp. at 15.  The Superior Court, adopting the PCRA court's reasoning found this issue to be without merit.  Pa. Super. Ct. PCRA App. Op. at 12; Comm. Ex. H.  The PCRA court held:

> . . . .   At trial, the court made the determination that the lost and destroyed medical records complained of were not the responsibility of the Commonwealth because there was no showing that the Commonwealth had control over such records, and they were lost by a third party.  N.T. 823-24.  Because the records were under the control of a third party and not the Commonwealth, the so called "spoliation doctrine" has no application here.  *See Duquesne Light Co. v. Woodland Hills School Dist.*, 700 A.2d 1038 (Pa. Cmwlth. 1997).  (The doctrine of spoliation attempts to compensate those whose legal rights are impaired by the destruction of evidence by creating an adverse inference against the party responsible for the destruction.)  There is no indication in the record that the lost and destroyed medical records were in any way under the control of the Commonwealth.  Thus, the trial judge properly refused to charge that failure to produce the records warranted an inference unfavorable to the Commonwealth.  *See Commonwealth v. Christina*, 391 A.2d 1307 (Pa. 1978); *see also Commonwealth v. Culmer*, 604 A.2d 1090 (Pa. Super[.] 1992) (when witness unavailable to both parties, adverse inference instruction not warranted).  Therefore, petitioner has failed to demonstrate that counsel was ineffective by not pursuing a meritless claim.

PCRA Ct. Op. at 19; Comm. Ex. H.

The state court's conclusion that Petitioner's ineffective assistance claim lacked merit was neither contrary to nor an unreasonable application of Supreme Court precedent.  First, the Supreme Court has never held that an attorney could render ineffective assistance for failing to raise a

meritless claim.  Thus, the Superior Court's adjudication is not contrary to Supreme Court precedent. *See Williams v. Taylor*, 529 U.S. at 405-06.  Second, the Third Circuit has held that an attorney is not ineffective for failing to raise a claim that lacks merit. *See Parrish*, 150 F.3d at 328-29; *Moore v. Deputy Commrs. of SCI-Huntingdon*, 946 F.2d at 245.  Therefore, the Superior Court's adjudication of Petitioner's ineffective assistance of counsel claim was a reasonable application of Supreme Court precedent. *See Marshall v. Fredericks*, 307 F.3d at 71 n.24; *Moore v. Morton*, 255 F.3d at 104 n.8.

        f.  Ground Eight - Failure to Call Witness

        In Ground Eight, Petitioner argues that counsel was ineffective for failing to call Robert Strohl, Petitioner's father, as an alibi witnesses to support his case.   Pet. at 9a; Pet'r's Mem. of Law at 64-65.   Petitioner contends that the testimony of his father would provide an alibi for his whereabouts on the night of December 26, 1986 and explain that he was picked up from work at 9:30 p.m., showered, went to bed, and was not witnessed leaving his house by his father.  Pet'r's Mem. of Law at 65.  The Commonwealth counters that this claim is meritless, because Robert Strohl's proposed testimony did not concern the relevant time period, thus, counsel appropriately failed to call him as a witness.  Resp. at 15-16.

        The Superior Court reviewed this claim and found it meritless, because Robert Strohl's proposed alibi testimony was regarding a time frame prior to the relevant time of the crime. *See* Super. Ct. PCRA Appeal Op. at 13-14; (Comm. Ex. H).  The court, therefore, affirmed the reasoning and conclusions made by the PCRA court and denied Petitioner's claim.[7]

---

[7]The PCRA court in finding this claim to be without merit and held:

> It is undisputed that petitioner meets the first three prongs of the *Lopez* test. However, we find that petitioner has failed to demonstrate the prejudice showing imposed by the fourth requirement.  A review of the record, including the affidavit signed by Robert Strohl, see P.C.R.A. petition exhibit 4, demonstrates that he was

-18-

In Pennsylvania, counsel is ineffective for failure to call a witness if Petitioner proves that:

> 1) the witnesses existed and were available; 2) counsel was aware of the existence of the witnesses, or should have known of their existence and availability; 3) the proposed witnesses were ready, willing and able to testify on behalf of the [Petitioner]; and 4) the absence of the proposed testimony prejudiced him.

*Commonwealth v. Lopez*, 739 A.2d 485, 496 (Pa. 1999). Although Petitioner can meet the first three requirements to demonstrate trial counsel's ineffectiveness, there was no prejudice to him inasmuch as the proposed testimony of Robert Strohl did not encompass the relevant time period. *See* Super. Ct. PCRA Appeal Op. at 12-13 (Comm. Ex. H). The state court concurred that no prejudice resulted from the omission of the proposed testimony. *See* PCRA Ct. Op. at 20-21; Comm. Ex. H. Based upon the state court's analysis, trial counsel was not ineffective for failing to present alibi witnesses.

The state court's conclusion that Petitioner's ineffective assistance of counsel claim lacks merit is neither contrary to, nor an unreasonable application of Supreme Court precedent because counsel cannot be found ineffective for failing to present an unmeritorious claim. *See Williams v. Taylor*, 529 U.S. at 405-06; *see also Parish*, 150 F.3d at 328-329.

## III.  CONCLUSION

Petitioner's claims are all unmeritorious. Reasonable jurists would not debate the appropriateness of this court's substantive dispositions of his claims; therefore, a certificate of

---

interviewed in preparation for trial and that counsel determined he could not provide an alibi for his son because he was either not home or was sleeping during the times essential to the case against petitioner. P.C.R.A. N.T. 102, 233. Thus, counsels' decision not to call Robert Strohl was not ineffective. Petitioner's claim that his father's testimony could have cast doubt on the believability of the other witnesses who testified and somehow undermine confidence in the verdict is wholly unsupported by the record. Given the content of Robert Strohl's proposed testimony, petitioner has not demonstrated how he was prejudiced by its absence. Therefore, we find counsel was not ineffective for not calling Robert Strohl as a witness at trial.

PCRA Ct. Op. at 20-21.

appealability should not issue.  *See Slack v. McDaniel*, 529 U.S. 473, 484, (2000).  Accordingly, I make the following:

RECOMMENDATION

AND NOW, this 27th day of March, 2007, for the reasons contained in the preceding report, it is hereby RECOMMENDED that the entire Petition be DENIED on the merits, without an evidentiary hearing.  Petitioner has not demonstrated that any reasonable jurist could find a denial of any Constitutional right; hence, there is no probable cause to issue a certificate of appealability.

It be so **ORDERED**.

*/s/ Carol Sandra Moore Wells*
CAROL SANDRA MOORE WELLS
UNITED STATES MAGISTRATE JUDGE